Filed 12/17/21  In re I.T. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re I.T. et al., Persons Coming Under the Juvenile Court Law. | D079029 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. Nos. EJ4520A-B) |
| v. | |
| T.T., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Rohanee Zapanta, Judge.  Reversed and remanded for further proceedings.

Brent Riggs, under appointment by the Court of Appeal, for Defendant and Appellant.

Lonnie J. Eldridge, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Eliza Molk, Deputy County Counsel, for Plaintiff and Respondent.

T.T. (Father) appeals from orders issued at a special hearing held on May 25, 2021, requiring that his children, eight-year-old I.T. and six-year-old V.M., upon medical clearance, be vaccinated and enrolled in school. Father contends that the juvenile court erred by assuming the role of the children's educational decision maker without following the statutory framework to limit his parental rights to direct his children's education.[1] He also argues that the juvenile court lacked the authority to order the children be vaccinated because the vaccination orders were not grounded upon any concern for the children's physical health or safety but to direct their education.

We conclude that the juvenile court abused its discretion by failing to follow Welfare and Institutions Code[2] section 361 which governs how a juvenile court may limit the right of a parent to make educational decisions for a child. Accordingly, we reverse the orders without prejudice and remand the matter for further proceedings. This conclusion renders Father's second argument moot and we decline to address it.

---

[1]    Mother, C.W., is not a party to this appeal.

[2]    Undesignated statutory references are to the Welfare and Institutions Code.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

The parents are unmarried and their relationship ended in 2017. In March 2020, the San Diego County Health and Human Services Agency (the Agency) filed juvenile dependency petitions under section 300, subdivision (b)(1) alleging that the children were exposed to violent confrontations in the parent's homes between Father and his girlfriend, and between Mother and her boyfriend. At that time, a social worker spoke to the director of the Montessori school that the children previously attended. The director indicated that I.T. had not attended school "for the past year" and the school terminated the children due to the parents being inconsistent with the schedule and Father being unsafe because he hugged other students with barber scissors around his neck. When the children had attended school they "were always hungry and without sleep" because of the parents' fighting.

The Agency detained the children in a foster home. In April 2020, the children's caregiver told a social worker that I.T. was behind in school, knew her ABC's but did not know how to read. At that time, I.T. had online school meetings twice a week and a teacher provided packets for her to complete. V.T. had not yet started school but the parents reported that he had a spot at a Montessori school starting in September 2020. In May 2020, Mother and her boyfriend had a child together. At the contested jurisdiction/disposition hearing in July 2020, the juvenile court made true findings on the allegations in the petitions and placed the children with the parents in a family

---

[3] Because the matters on appeal relate to the orders issued at the special hearing, we summarize the facts briefly, focusing on the special hearing. "In accord with the usual rules on appeal, we state the facts in the manner most favorable to the dependency court's order." (*In re Janee W.* (2006) 140 Cal.App.4th 1444, 1448, fn. 1.)

maintenance case subject to certain conditions, including that the children be enrolled in therapy and regularly attend school. The parents lived separately under a shared custody arrangement where the children lived with Father Mondays through Thursdays, and with Mother the remaining days of the week.

In September 2020, the children attended a Montessori school for distance learning due to the COVID-19 pandemic. Although the school had resumed in-person instruction, the children could not attend in person because they were unvaccinated. Instead, the children completed schoolwork packets provided by the school. The parents reported that they were looking into options to resume in-person learning including a "504 plan"[4] or an individualized education plan. The parents also attempted to obtain an immunization waiver but could not find a doctor willing to give the children a vaccination exemption.

In December 2020, Mother reported that the children had been attending school virtually but Mother's apartment had internet connectivity issues and she received a letter that the school was " 'kick[ing] out' " the children. The parents decided to appeal the decision and investigate other options such as home schooling. With the help of a WRAP[5] coordinator, the

[4]     Section 504 of the Rehabilitation Act of 1973 and the federal implementing regulations require public schools to provide a plan of accommodation for children with qualifying disabilities to satisfy their special needs. (29 U.S.C. § 794; 34 C.F.R. 104.1 et seq.)

[5]     Families Forward Wraparound is an organization designed to provide families in crisis with an array of services, including case management and mental health services, as well as educational liaison services and crisis intervention and planning. (<https://www.mhsinc.org/listing/families-forward-wraparound-2/> [as of Dec. 16, 2021], archived at <https://perma.cc/QM8Q-9F6V>.)

4

parents drafted a response to the children's termination but they never submitted the letter to the school.

In January 2021, the Agency filed supplemental petitions under section 387 requesting to place the children in foster care. The petitions alleged that the parents exposed the children's infant half-sibling to domestic violence and Father continued to engage in domestic violence with his ex-girlfriend. At the detention hearing on the supplemental petitions, the juvenile court detained the children in out of home care.

At the February 2021 jurisdiction/disposition hearing, the parents set the matter for trial. At a child and family team meeting in March 2021, Father and the WRAP team were to follow up on home schooling options for the children. At the contested jurisdiction/disposition hearing on the children's section 387 petitions held in early April 2021, minors' counsel informed the court that it had been three months since the children were enrolled in school because they lacked the required vaccinations. Counsel requested leave to set a special hearing to address the children's unmet educational needs. Father's counsel reported that a couple of schools had the children waitlisted and that Father helped the children with their education during visits. At the conclusion of the hearing, the juvenile court found the petitions true, removed the children from parental custody, ordered supervised visitation and reunification services for the parents, and placed the children in foster care with separate, supervised visits. The court set a special hearing to address, among other things, the children's schooling.

At the special hearing in late April 2021, minors' counsel asked the court to use its authority under section 362, subdivision (a) to have the children vaccinated so they could attend school. The parents opposed the request with Mother's counsel arguing that the parents still held parental

rights.  Father's counsel noted that schools had the children waitlisted, asked that home schooling be ordered in lieu of vaccinations, and requested unsupervised virtual visitation with the children for home schooling purposes.  The court stated it would not investigate home schooling at this point because it wanted the children to have actual instructors and interaction with other children.   It asked Father to provide his counsel with the names of the schools where the children were waitlisted so that the schools could be contacted and the situation explained with the hope that the children would be given priority.  Father agreed to provide counsel with this information.

At the May 25, 2021 special hearing, minors' counsel reiterated his request that the children be vaccinated and enrolled in school.  Mother's counsel represented that the children had been vaccinated for some things but suffered anaphylactic reactions and requested a continuance to provide the court with medical documentation regarding past vaccinations.[6]  Father's counsel again requested unsupervised virtual contact with the children to home school them.  Counsel represented that two schools would accept a physician's medical exemption in lieu of vaccination and two other schools had home schooling options that did not require proof of vaccination.  Counsel also reported that Father met with an individual who taught school that provides appointment-based help with schoolwork.

The juvenile court prefaced its ruling with a statement that it set the hearing to allow the parties to present evidence and for it to make a decision. The court stated that it received no evidence showing that the children had been enrolled in school since last fall or had suffered any type of reaction to

___

[6]    The parents previously told a social worker that they did not believe in vaccines and represented that both children had an autoimmune disease that prevented them from being vaccinated.

past vaccinations, and that the parents had the time to give their counsel leads on where they might find such evidence. Accordingly, the juvenile court ordered that "[u]pon medical clearance and examination of a medical professional along with providing the history to the medical professional and physical assessment, if there is clearance for vaccination, that is authorized and enrollment in school as soon as is available and possible." Father timely appealed.

## II.

## DISCUSSION

Parents have a constitutionally protected right to control their children's education. (*Troxel v. Granville* (2000) 530 U.S. 57, 65; *In re R.W.* (2009) 172 Cal.App.4th 1268, 1276 (*R.W.*).) "In dependency proceedings, however, those rights may be limited. The fundamental premise of dependency law is to serve the best interests of the dependent child. [Citation.] After a child is brought into the dependency system through the parents' neglect or abuse, a parent's constitutional rights to raise his or her children, including the right to make education choices, may be curtailed.'" (*In re Samuel G.* (2009) 174 Cal.App.4th 502, 510.) Juvenile courts are authorized to issue "all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of [a dependent] child," and to "direct any reasonable orders to the parents or guardians of [that] child." (§ 362, subds. (a) & (d).)

The juvenile court also has the authority to limit the right of a parent to make educational decisions for a dependent child if it appears the parent is unwilling or unable to do so, so long as any such limitations do not exceed those necessary to protect the child. (§§ 366.1, subd. (e), 361, subd. (a)(1); see also, Cal. Stds. Jud. Admin., § 5.40(h)(5) [role of juvenile court includes

7

making appropriate orders limiting educational rights of a parent who is unwilling or unable to be an active participant in ensuring a child's educational needs are met and appointing a responsible adult as educational representative for such a child].)  Any limitation on the right of a parent to make educational decisions for a dependent child "shall be specifically addressed in the court order." (§ 361, subd. (a)(1); see also Cal. Rules of Court, rules 5.649, 5.650, 5.695(b).)  If the court so limits the right of the parent, it must appoint another responsible adult to make educational decisions for the child and must appoint a relative, or other adult known to the child, if one is willing to serve as the educational representative before appointing a surrogate that is not known to the child.  (§ 361, subds. (a)(1) & (a)(1)(4)(A); see Cal. Rules of Court, rule 5.650(a).)  "If the court cannot identify a responsible adult to make educational decisions for the child, . . . and there is no foster parent to exercise the authority granted by Section 56055 of the Education Code, the court may, with the input of any interested person, make educational decisions for the child."  (§ 361, subd. (a)(1)(4)(C).)

In reviewing the juvenile court's decision to suspend a parent's education decisionmaking rights, we apply an abuse of discretion standard, keeping in mind the focus of dependency proceedings is on the child rather than the parent.  (*R.W.*, *supra*, 172 Cal.App.4th at p. 1277.)  "The [juvenile] court's exercise of its discretion must be 'informed and considered' [citations], and the [juvenile] court may not 'ignore or contravene the purposes of the law' [citation]."  (*Plumas County Dept. of Child Support Services v. Rodriguez* (2008) 161 Cal.App.4th 1021, 1026.)

At the April 2021 special hearing, minors' counsel requested that the children be vaccinated so they could attend school.  The court continued the matter after Father agreed to provide his counsel with the names of the

schools where the children were waitlisted so that the schools could be contacted. At the subsequent hearing, minors' counsel reiterated his request that the children be vaccinated and enrolled in school. Father's counsel represented that all options for educating the children without vaccinations had not been exhausted.

Based on the lack of evidence before it, the court ordered that upon medical clearance the children be vaccinated and enrolled in school. This order amounted to the suspension of the parents' education decisionmaking rights, and the juvenile court assuming the duty of the children's educational decision maker. The juvenile court, however, abused its discretion by assuming this responsibility without following the requirements set forth by the Legislature in section 361, including first determining whether another responsible adult was available and willing to serve as the children's educational representative and specifically setting forth in its order the extent of the limitation of the parents' education decisionmaking rights.[7] (§ 361, subds. (a)(1) & (a)(1)(4)(A).)

We understand the pressing need to address the children's unmet educational needs and sympathize with the court's frustration in not receiving sufficient information from the parents to determine what viable options existed to educate these children should they not qualify for a vaccination medical exemption. (See Health & Saf. Code, §§ 120370, 120372, 120375 [addressing requirements for a medical exemption].) Nonetheless, we disagree with the Agency's conclusion that the lack of vaccinations rendered

_____

[7] The Agency's reliance on Education Code section 48293 for the proposition that a juvenile court has the authority to order a child immediately enrolled in school is misplaced. A juvenile court has this authority only after a complaint is filed and a parent is convicted of a violation of subdivision (a) of Education Code section 48293. (Ed. Code, §§ 48291, 48293, subds. (a) & (c).)

the children ineligible to participate in a legally mandated education program and that no alternatives existed. Based on the minimal information presented by Father's counsel at the hearing it appeared that two schools would accept a physician's medical exemption in lieu of vaccination, that home schooling options existed that did not require proof of vaccination, and an individual existed who might meet the requirements for the "private tutor" exemption from the compulsory education law. (Ed. Code, § 48224.)

As the juvenile court noted, it set the special hearing for the specific purpose of receiving evidence regarding the children's education options. The parents, however, consistently proved their inability or unwillingness to adequately investigate available options. In December 2020, the Montessori school that the children attended virtually terminated them from the program. Although the parents received help in drafting a response to the termination they never submitted the letter to the school. At a child and family team meeting in early March 2021, Father and the WRAP team were to follow up on home schooling options for the children. Almost three months later, at the May 25, 2021 hearing, the children's education requirements remained unsatisfied.[8] In this situation, under the explicit authority of section 361, the juvenile court could have limited the parents' educational rights, appointed an individual to act as the children's educational

---

[8]    Although Father suggested home schooling the children via video, the Agency noted that Father produced no evidence that he met any of the requirements to home school the children. Before parents in California may legally home school their children, an affidavit must be filed containing certain information (Ed. Code, § 33190), and certain requirements must be met including a verification "by the attendance supervisor of the district, or other person designated by the board of education" that the parents are entitled to a home schooling exemption (Ed. Code, § 48222). The record is devoid of any evidence that Father had submitted the required affidavit to seek a home schooling exemption.

representative, allowed that person to explore educational options for the children and decide how the children's education requirements would be satisfied. (§ 361.) What the court could not do was to act as the children's educational decision maker without having first complied with section 361 and the applicable rules of court. In so doing, the juvenile court abused its discretion. Accordingly, we reverse the juvenile court's orders without prejudice. On remand, the juvenile court will be entitled to take into consideration all that has transpired since the May 25, 2021 special hearing. We express no opinion on the merits of the orders.

Given the importance of education for the children's future, we implore the juvenile court to set this matter for hearing on an expedited basis. In the interests of justice and to prevent further delays, the parties may stipulate to immediate finality and issuance of the remittitur. (See Cal. Rules of Court, rule 8.272(c)(1); *Conservatorship of the Person and Estate of Maria B.* (2013) 218 Cal.App.4th 514, 535.)

## DISPOSITION

The juvenile court's orders of May 25, 2021, are reversed without prejudice.  The matter is remanded for further proceedings consistent with the views expressed in this opinion.


IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.